IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN WESLEY INGRAM | 1:03-cr-372-1 |

**MEMORANDUM OPINION AND ORDER**

This Court sentenced John Wesley Ingram to 200 months of imprisonment and 10 years of supervised release. Dkt. 16. After two sentence reductions, Dkts. 18, 40, he was released in 2012, and his supervision ended early, in late 2015, Dkt. 46. He is no longer in custody on the charges in this case. Now, over 10 years later, he asks this Court to release the presentence investigation report ("PSR") from this case. Dkt. 47. He gives no reason or authority for its release. *See id.* Because the Court has no basis to release this sealed, confidential document, it denies his request.

**DISCUSSION**

The United States Probation Office must give a copy of its PSR to the criminal defendant before sentencing. Fed. R. Crim. P. 32(e)(2) ("The probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing . . . ."). But beyond Rule 32's required disclosures to "the Defendant, defense counsel, and the attorney for the government . . . [n]o further copies or dissemination of the report shall be made." LCrR32.3(c). Rule 32 "does not give a defendant any right whatsoever to have a copy of

the [presentence] report." *Jennings v. United States*, No. 7:07-cr-113, 2010 WL 3200109, at *1 (E.D.N.C. Aug. 12, 2010) (alteration in original) (quoting *Ward v. United States*, 609 F. Supp. 169, 170 (N.D. Ohio 1985) (denying a defendant's post-sentencing "motion to produce pre-sentence report")); *see also Jones v. United States*, No. 5:00-cv-728, 2010 WL 3063285, at *1 (E.D.N.C. Aug. 3, 2010) (citing *Ward* approvingly), *aff'd*, 408 F. App'x 658 (4th Cir. 2011); *Wilson v. United States*, No. 4:02-cr-80, 2006 WL 1472242, at *9 (E.D. Va. May 23, 2006) ("[T]he petitioner does not have the right to obtain a copy of his Presentence Investigation Report, even if he were willing to pay copying costs.").

In short, Mr. Ingram "received a copy of his PSR prior to sentencing, and he does not explain why he needs," or is entitled to, "another copy." *See Jennings*, No. 7:07-cr-113, 2010 WL 3200109, at *1.

**IT IS THEREFORE ORDERED** that the Defendant's Motion for Release of Pre-Sentencing Report is **DENIED**.

It is **SO ORDERED**.

This the 12th day of November, 2026.

LINDSEY A. FREEMAN
UNITED STATES DISTRICT JUDGE